**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**Case No. 1:19-cv-02457-MHC-JFK**

LEWIS LAKE,

    Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
A Professional Limited Liability
Company and ELTMAN LAW, P.C.

    Defendants.
_____/

**DEFENDANT, HAYT, HAYT & LANDAU, P.L.'S, ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, HAYT, HAYT & LANDAU, P.L., ("HHL") by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint [DE 2] states the following:

**JURISDICTION**

1. Admitted to the only to the extent that the statements in the paragraph are asserted for jurisdiction and claim identification only; otherwise denied.

2. Admitted to the only to the extent that the statements in the paragraph are asserted for venue only; otherwise denied.

3. Admitted to the only to the extent that the statements in the paragraph are asserted for venue only; otherwise denied.

## PARTIES

4. Admitted for purposes of jurisdiction and venue only; otherwise denied.

5. Defendant HHL admits the allegations contained in Paragraph 5 as it relates to Defendant HHL, otherwise denied as unknown.

6. Defendant HHL admits the allegations contained in Paragraph 6 as it relates to Defendant HHL, otherwise denied as unknown.

7. Defendant HHL admits the allegations contained in Paragraph 7 as it relates to Defendant HHL, otherwise denied as unknown.

8. Defendant HHL admits the allegations contained in Paragraph 8 as it relates to Defendant HHL, otherwise denied as unknown.

9. Admitted.

10. The allegations contained in Paragraph 10 are asserted against a Defendant other than Defendant HHL and therefore Defendant is without sufficient knowledge or information to either admit or deny the allegation. Therefore, Defendant HHL denies the allegation.

11. Defendant HHL admits the allegations contained in Paragraph 11 as it relates to Defendant HHL, otherwise denied as unknown.

12. Defendant HHL admits the allegations contained in Paragraph 12 as it relates to Defendant HHL, otherwise denied as unknown.

13. Defendant HHL admits the allegations contained in Paragraph 13 as it relates to Defendant HHL, otherwise denied as unknown.

14. Defendant HHL admits the stated Congressional purpose of the FDCPA are self-evident with the FDCPA as observed prior to 1977. Defendant HHL denies that the allegations contained in this paragraph relate to the factual circumstances in this matter.

## FACTUAL ALLEGATIONS

15. Admitted.

16. Unknown at this time; therefore denied.

17. Defendant HHL admits the allegations contained in Paragraph 17 as it relates to Defendant HHL, otherwise denied as unknown.

18. Defendant HHL admits the allegations contained in Paragraph 18 as it relates to Defendant HHL, otherwise denied as unknown

19. Admitted to the extent that Defendant HHL was retained by the original creditor to seek repayment of the underlying debt obligation at issue in the case. Otherwise, denied.

20. Unknown at this time; therefore denied.

21. The allegations contained in Paragraph 21 are asserted against a Defendant other than Defendant HHL and therefore Defendant is without sufficient knowledge or information to either admit or deny the allegation. Therefore, Defendant HHL denies the allegation.

22. The allegations contained in Paragraph 10 are asserted against a Defendant other than Defendant HHL and therefore Defendant is without sufficient knowledge or information to either admit or deny the allegation. Therefore, Defendant HHL denies the allegation.

23. Unknown at this time; therefore denied.

24. Admitted

25. Admitted.

26. Unknown at this time therefore denied; Defendant demands strict proof thereof;

27. Unknown at this time; therefore denied.

28. Unknown at this time; therefore denied.

29. Unknown at this time; therefore denied.

30. Unknown at this time; therefore denied.

31. Unknown at this time; therefore denied.

32. Denied; Defendant demands strict proof thereof;

## COUNT I: FDCPA

33. Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 32 by references; as if fully re-stated herein.

34. Admitted.

35. Unknown at this time; therefore denied.

36. Admitted as to Defendant HHL; otherwise denied.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

## JURY DEMAND

The Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

### Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

### Third Affirmative Defense

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fourth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

WHEREFORE, Defendant, HAYT, HAYT & LANDAU, P.L., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **21st** day of **June, 2019.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

**CERTIFICATE OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman 14 point font, one of the font and point selections approved by the Court in LR 5.1, N.D. Ga.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 21, 2019**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following attorney of record: Clifford Carlson, Esquire at cc@cliffcarlsonlaw.com and Ronald Edward Daniels, Esquire at *ron@dlawllc.com (Attorneys for Plaintiff)*.

/s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esq.
Georgia Bar No. 427760
Florida Bar No.: 110108
Skohlmyer@Shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, Hayt, Hayt & Landau, P.L.*