UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LEWIS LAKE,**     )<br>     )<br>    **Plaintiff,**     )<br>     )<br>**v.**     )<br>     )<br>**HAYT, HAYT & LANDAU, P.L, A**     )<br>**PROFESSIONAL LIMITED**     )<br>**LIABILITY COMPANY (LLC) and**     )<br>**ELTMAN LAW, P.C.,**     )<br>     )<br>    **Defendants.**     ) | Case No.: 1:19-cv-02457-MHC-JFK |

### **PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff Lewis Lake submits his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.1, as follows:

Preliminary Statement and Issues

Plaintiff has not fully completed discovery or preparation for trial in this action. The information contained in this instrument and any documents identified, described, or produced herewith, are based only upon information presently available to Plaintiff and are disclosed herewith in a good faith effort to comply with Fed. R. Civ. P. 26(a) (1).

Plaintiff makes these initial disclosures without prejudice to his right to produce, pursuant to the Fed. R. Civ. P., any information which may subsequently be discovered or determined relevant to the subject matter of

1

this action. These initial disclosures should not be construed as prejudicing or in any way limiting Plaintiff with respect to further and future discovery, research, analysis, evaluation, or proof.

Plaintiff makes each of the following initial disclosures subject to any and all objections, including, but not limited to, competency, materiality, relevancy, propriety, admissibility, or any other ground or grounds that would require their exclusion in any proceeding. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial or at any other appropriate time.

Plaintiff generally asserts the attorney-client and work product privileges as to any and all relevant documents which may exist and which are subject to these privileges. To the extent any initial disclosure contains or refers to matters otherwise protected from discovery by the attorney client privilege or the work product doctrine, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged; nor is the relevancy of any such matter conceded.

Except for the explicit facts stated herein, no incidental or implied admissions are intended. Plaintiff submits these initial disclosures solely in

compliance with Fed. R. Civ. P. 26(a)(1), and submits these initial disclosures solely for the purpose of, and in relation to, this action.

By this reference, Plaintiff incorporates any witness or document identified by the other parties to this action in their initial disclosures made pursuant to Fed. R. Civ. P. or identified in later discovery responses or deposition testimony, as if fully stated herein.

## Initial Disclosures

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**Classification of Cause of Action:**

Plaintiff claims that Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA") in multiple ways. Plaintiff references the entirety of the FDCPA in her Complaint, but in Count I of her Complaint she focuses on violations of 15 U.S.C. §§ 1692e, 1692f, and 1692g.

**Brief Factual Outline of the Case:**

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3). Defendant attempted to collect an alleged debt that is a "debt"

within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), and these collection efforts are the subject of this lawsuit. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

**Succinct Statement of the Legal Issues:**

(a) Whether Defendants Eltman Law and Hayt, Hayt & Landau, P.L. attempted to collect a debt against Plaintiff after the statute of limitations had ended in violation of 15 U.S.C. § 1692e.

(b) Whether Defendant Eltman Law obtained a default judgment on the aforementioned debt in violation of 15 U.S.C. § 1692e.

(c) Whether Defendant Hayt, Hayt & Landau, P.L. failed to include required notices to Plaintiff in its first contact with Plaintiff in violation of 15 U.S.C. § 1692g.

(d) Whether Defendant Hayt, Hayt & Landau, P.L communicated with a third party in connection with the collection of the aforementioned debt without the prior consent of the Plaintiff in an April 16, 2019 email in violation of 15 U.S.C. § 1692c.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Statutes:**

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA").

**Illustrative Caselaw:**

No illustrative caselaw identified by Plaintiff as applicable to this action at this time, as the violations alleged by Plaintiff are clear violations on the face of the FDCPA statutes.

**Codes:**

No codes are known to be applicable to this action at this time.

**Regulations:**

No regulations are known to be relevant to this action at this time. Regulations regarding the FDCPA may become applicable to this action.

**Legal Principles:**

Nothing applicable known at this time; Plaintiff's claims rest on the face of the FDCPA and its requirements.

**Standards and Customs or Usages:**

Nothing applicable known at this time; Plaintiff's claims rest on the face of the FDCPA and its requirements.

<u>(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)</u>

**(A)   Plaintiff Lewis Lake.   Lewis Lake may be contacted through his counsel of record, Daniels Law LLC and Cliff Carlson Law, P.C.**

**<u>Subjects of Information:</u>  Receipt of any and all mail or other communications in this case; service of lawsuit; all files related to Laurens County Superior Court, Civil File No. 2017-CG-0266-JG; mental stress and anxiety caused by Defendant's actions; time and resources expended in self-verifying and validating the alleged debt; emotional distress caused by Defendant's actions; other measures of damage.**

<u>(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written</u>

<u>report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)</u>

 **(A)** **None now currently known.**

<u>(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)</u>

 **(A)** **May 23, 2017 Complaint against Plaintiff in the Laurens County Superior Court, Civil File No. 2017-CG-0266-JG;**

 **(B)** **September 29, 2017 Default Judgment against Plaintiff in the Laurens County Superior Court, Civil File No. 2017-CG-0266-JG;**

 **(C)** **Order to Set Aside Default Judgment against Plaintiff in the Laurens County Superior Court, Civil File No. 2017-CG-0266-JG;**

 **(D)** **October 5, 2018 email from Defendant Hayt, Hayt & Landau, P.L. to Plaintiff's counsel;**

 **(E)** **April 16, 2019 email from Defendant Hayt, Hayt & Landau, P.L. to Plaintiff's counsel.**

7

**No other documents or other material responsive to this initial disclosure request are currently identified or known by Plaintiff.**

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copyingas under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**FDCPA Statutory Damages:   $1,000.00**

**FDCPA Actual Damages:    Emotion distress to be determined by the court or a jury of Plaintiff's peers**

**Attorneys' Fees and Litigation Costs Under the FDCPA: Amount to be determined by the Court**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be

8

entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**(A)    No such agreement, document, or other material responsive to this disclosure request is known to currently exist.**

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**(A)    No individuals currently known who have a subrogation interest in the cause of action.**

Respectfully Submitted July 22, 2019.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

ATTORNEYS FOR PLAINTIFF

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing PLAINTIFF'S INITIAL DISCLOSURES was prepared on a computer, using Times New Roman 14-point font. Respectfully Submitted July 22, 2019.

                                          /s/ Clifford Carlson  
                                          Clifford Carlson  
                                          Georgia Bar No. 227503

Cliff Carlson Law, P.C.  
1114-C1 Highway 96 #347  
Kathleen, Georgia 31047  
Tel. 478-254-1018  
cc@cliffcarlsonlaw.com

                                          ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LEWIS LAKE,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>)  Case No.: 1:19-cv-02457-MHC-JFK<br>**HAYT, HAYT & LANDAU, P.L, A** )<br>**PROFESSIONAL LIMITED** )<br>**LIABILITY COMPANY (LLC) and** )<br>**ELTMAN LAW, P.C.,** )<br>)<br>    **Defendants.** ) | |

### CERTIFICATE OF SERVICE OF PLAINTIFF'S INITIAL DISCLOSURES

I hereby certify that the undersigned provided PLAINTIFF'S INITIAL DISCLOSURES using electronic mail and regular mail to the following attorneys of record:

Ernest H. Kohlmyer, III
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751

Respectfully Submitted July 22, 2019.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347

1

Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

                              ATTORNEYS FOR PLAINTIFF