IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Case No.:  1:19-cv-2457-MHC-JFK

LEWIS LAKE,

   Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
A PROFESSIONAL LIMITED
LIABILITY COMPANY (LLC),
and ELTMAN LAW, P.C.,

   Defendants.
_____/

# DEFENDANT HAYT, HAYT & LANDAU, P.L.'S REPLY IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT

COMES NOW, the Defendant, HAYT, HAYT & LANDAU, P.L. (hereinafter "HHL" or "Defendant"), by and through its undersigned counsel, and files this Reply in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and states:

**I.  Inclusion of the case caption and an FDCPA disclaimer in the email signature are, without more, insufficient to render the emails "communications"**

The broad definition of "communication" is not without limits.  The Eleventh Circuit has clearly and consistently held that "[w]hen determining whether a

communication is 'in connection with the collection of any debt,' we look to the language of the communication in question—specifically to statements that demand payment and discuss additional fees if payment is not tendered." Farquharson v. Citibank, N.A., 664 F. App'x 793, 801 (11th Cir. 2016) (unpublished) (citing Caceres v. McCalla Raymer, LLC, 755 F.3d 1299 (11th Cir. 2014) and Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012)); Pinson v. JP Morgan Chase Bank, Nat'l Ass'n, 646 F. App'x 812, 814 (11th Cir. 2016) (unpublished) (same).

The mere inclusion of a case caption and an FDCPA disclaimer, without more, does not bring an email within the scope of the FDCPA. The Eleventh Circuit has specifically stated that "[t]he inclusion of the boilerplate language that [the defendant] 'is a debt collector' and 'this is an attempt to collect a debt' is not dispositive. . . ." Alhassid v. Nationstar Mortg. LLC, 771 F. App'x 965, 968 (11th Cir. 2019); see also Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 386 n.3 (7th Cir. 2010) ("The letter bore a disclaimer identifying it as an attempt to collect a debt, but this does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance."); McElveen v. Westport Recovery Corp., 310 F. Supp. 3d 1374, 1380 n.3 (S.D. Fla. 2018) ("The Court, however, is not convinced that the inclusion of boilerplate language at

2

the end of the email outweighs the other factors that overwhelmingly support the conclusion that the Statement was not a communication in connection with the collection of a debt." (citing Bohringer v. Bayview Loan Servicing, LLC, 141 F. Supp. 3d 1229, 1240-41 (S.D. Fla. 2015))).

Determining whether a communication falls within the FDCPA as debt collection activity calls for "a 'commonsense inquiry' based on all factors surrounding the communication, including the 'purpose and context' of the communication." Sciortino v. Selene Fin. L.P., No. 1:18-CV-0981-AT-JFK, 2018 U.S. Dist. LEXIS 224459, at *36 (N.D. Ga. Nov. 21, 2018) (King, J.) (quoting Helman v. Udren Law Offices, P.C., 85 F. Supp. 3d 1319 (S.D. Fla. 2014)).

A "commonsense inquiry" of the emails at issue shows that they were sent in the context of the litigation for the purpose of obtaining copies of pleadings and serving discovery responses. The inclusion of the case caption was to identify the litigation. Without more, the case caption should not be deemed a reference to the debt merely because it identifies the name and number of a suit to collect a debt. Neither email expressly or implicitly referenced the debt or payment.

The cases Plaintiff cites to argue that the communication need not reference the debt are distinguishable. In both cases, the courts concluded that the subject calls regarded a debt because they referenced an "important business matter," provided a

3

reference number, or otherwise aimed to solicit a return phone call to discuss and collect the debt.  See Dauval v. MRS BPO, L.L.C., No. 8:11-cv-2703, 2013 Lexis 189109, *21-22 & *25 (M.D. Fla. June 27, 2013); Calhoun v. Sentry Credit, Inc., No. 2:18-cv-00222, 2019 U.S. Dist. LEXIS 97601, at *7-8 (N.D. Ala. June 11, 2019); see also Hart v. Credit Control, LLC, 871 F.3d 1255, 1260 (11th Cir. 2017) (holding that a voicemail is a communication under the FDCPA "where it reveals that the call was from a debt collection company and provides instructions and information to return the call.").

Unlike those voicemails, the emails in this case do not reference the debt and do not attempt to solicit a discussion regarding the debt.  In any event, these cases do not displace the Eleventh's Circuit's direct guidance regarding the proper analysis.  The Eleventh Circuit has clearly and repeatedly considered the factors set forth in Caceres v. McCalla Raymer, LLC, 755 F.3d 1299 (11th Cir. 2014) when determining whether written communications fall within the ambit of the statute. See, e.g., Farquharson v. Citibank, N.A., 664 F. App'x 793, 801 (11th Cir. 2016) (finding letter did not constitute a "communication" where "none of [the] indicators of collection efforts" identified in Caceres v. McCalla Raymer, LLC, 755 F.3d 1299 (11th Cir. 2014) and Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211

(11th Cir. 2012) were present); Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551, 553 (11th Cir. 2015) (applying Caceres factors to analyze letter).

Those factors are not satisfied here. A commonsense reading of the emails shows that their purpose is wholly unrelated to debt collection and focused instead on fulfilling duties within the course and scope of the litigation. Accordingly, they do not support claims under section 1692g and 1692c(b).

### II. Not every email to a consumer's attorney is actionable under the FDCPA

The fact that a communication to an attorney may be considered to be directed at the consumer for purposes of the FDCPA does not mean that every communication to an attorney is targeted at the consumer. The case on which Plaintiff relies, Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291 (11th Cir. 2015), is distinguishable because it did not involve a *communication* but rather *conduct* that allegedly violated sections 1692d-f. Miljkovic, 791 F.3d at 1296.

Unlike the provisions under which Plaintiff travels, liability under the sections at issue in Miljkovic is not limited to communications. In fact, the Eleventh Circuit did not consider whether the court filing in Miljkovic constituted a "communication." Id. at 1300. As it explained:

> First, Appellant did not allege below and does not allege on appeal that the sworn reply constitutes a "communication" under the FDCPA; Appellant's claims are based on Appellees' "conduct." Second,

5

> communications in connection with debt collection are governed by § 1692c, a provision that is not at issue here. Third, the provisions that are at issue, §§1692d-1692f, regulate more than a debt collector's communications; they prohibit specified conduct, representations, and means of collection. While these sections necessarily encompass communications, a violation thereof may be premised on conduct not falling within the statutory definition of "communication." *See* §§ 1692a(2), 1692d-1692f.

Id.

By contrast, sections 1692g and 1692c, under which Plaintiff travels, require a "communication." And, in the case of 1692g(a), that communication must be "with the consumer." The October 5, 2018 email does not satisfy those requirements. Accordingly, HHL is entitled to summary judgment.

### III. The FDCPA does not require newly-substituted counsel to issue a validation notice during active litigation of a disputed debt

The authority Plaintiff cites as requiring a second validation notice does not address the requirements in the case of a disputed, litigated debt.

> The purpose of the validation-notice requirement is to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 95-382, at 4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1699; accord FTC Staff Commentary, 53 Fed. Reg. 50,097, 50,108-50,109 (1988) (stating that validation-notice requirement "is intended to assist the consumer when a debt collector inadvertently contacts the wrong consumer at the start of his collection efforts").

Yeager v. Ocwen Loan Servicing, 237 F. Supp. 3d 1211, 1213-14 (M.D. Ala. 2017).

Serving a validation notice in the middle of litigation on a consumer who has already disputed the debt, Breeden depo. [Doc 39] at page 66, lines 17-20, would not fulfill this purpose.  To the contrary, it would likely create additional confusion regarding the consumer's rights in response to the notice and whether continued litigation would violate the statutory duty to "cease collection" of a disputed debt.  See 15 U.S.C. § 1692g(b) (stating debt collector "shall cease collection of the debt" if notified that consumer disputes the debt).  Therefore, the Court should not hold that HHL was required to send a validation notice after its October 5, 2018 email even if it determines that email was a "communication with a consumer in connection with the collection of any debt."  15 U.S.C. § 1692g(a).

### IV. The facts cited by Plaintiff do not create a genuine dispute regarding any material fact of HHL's alternative bona fide error defense

Attorney Breeden's testimony that changes to the pay card inadvertently changed the validation notice status in one location within Q-law is insufficient evidence to create a "genuine dispute" regarding the sufficiency of HHL's policies. Plaintiff misstates the testimony to the extent he suggests that any status change in Q-law results in a note that the 1692g notice has been sent. The only evidence on this issue related to a change to the pay card, specifically.  Breeden depo. [Doc 39] at pages 56-57.  Attorney Breeden testified that he never checked the two other

7

locations in Q-law that record the 1692g status. Breeden depo. [Doc 36-1] at page 56, lines 10-12. Aside from the Q-law status, HHL has submitted unrebutted testimony that it maintains a policy of issuing a 1692g notice prior to communication with a consumer. Stern Dec. [Doc 34] at par. 3.

The fact that attorney Breeden did not follow these procedures does not rebut HHL's evidence that it did, in fact, maintain procedures or that the procedures were not reasonably adapted to avoid the error. To the contrary, it proves that the error occurred based on the failure to follow the existing procedures.

## V.   Conclusion

HHL maintains that it is entitled to summary judgment as a matter of law. Neither email constituted a "communication" under the FDCPA because they did not convey information regarding a debt or demand payment. Even if the October 5, 2018 is a communication, it did not trigger the obligations of section 1692g(a) because it was directed to Plaintiff's attorney regarding pleadings filed in the litigation and was not "a communication with a consumer." In any event, the purpose of the FDCPA is not fulfilled by requiring newly-substituted counsel to issue a new validation notice mid-litigation. Alternatively, any violation arising from either email was the result of bona fide error that occurred despite the maintenance of procedures reasonably adapted to avoid the specific errors alleged.

WHEREFORE the defendant, HAYT, HAYT & LANDAU, P.L., respectfully requests that the Court GRANT its Motion **[DE 33]** and enter judgment in its favor on all claims alleged against it in the Complaint **[DE 1]**, and any other relief that the Court deems just and proper.

Dated this **31st** day of **January, 2020.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
SKohlmyer@Shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant,*
*Hayt, Hayt & Landau, P.L.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 31, 2020,** via the Court Clerk's CM/ECF system which will provide notice to the following: Clifford Carlson, Esquire of Cliff Carlson Law, P.C. at cc@cliffcarlsonlaw.com and Ronald Edward Daniels, Esquire of Daniels Law LLC at ron@dlawllc.com and William D. Taylor, III of Taylor Law, LLC at trey@wdtaylorlaw.com (*Attorneys for Plaintiff*).

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
