IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Case No.:  1:19-cv-2457-MHC-JFK

LEWIS LAKE,

   Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
A PROFESSIONAL LIMITED
LIABILITY COMPANY (LLC),
and ELTMAN LAW, P.C.,

   Defendants.
_____/

### DEFENDANT HAYT, HAYT & LANDAU, P.L.'S RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS

COMES NOW, the Defendant, HAYT, HAYT & LANDAU, P.L. (hereinafter "HHL" or "Defendant"), by and through its undersigned counsel, and pursuant to Local Rule 56.1(B)(3), files this Response to Plaintiff's Statement of Additional Material Facts [Doc 44-1], stating:

   1.   The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

   2.   The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

3. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

4. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

5. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

6. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

7. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

8. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

9. The respondent's evidence does not support the respondent's fact to the extent that the language was not contained within the body of the email. Otherwise, the Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

10. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

11. The respondent's evidence does not support the respondent's fact regarding whether the email was directed to Plaintiff. Otherwise, the Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

12. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

13. The Court may properly consider the respondent's evidence regarding the date of the 1692g notice sent by HHL. Otherwise, the respondent's evidence does not support the respondent's fact.

14. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

15. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

16. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

17. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

18. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

19. The respondent's evidence does not support the respondent's fact to the extent the fact suggests that the email identified a creditor and debtor. Otherwise, the Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

20. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

21. The respondent's evidence does not support the respondent's fact to the extent that the language was not contained within the body of the email. Otherwise, the Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

22. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

23. The respondent's evidence does not support the respondent's fact regarding identification of Plaintiff as a debtor. Otherwise, the Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

24. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

25. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

26. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

27. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

28. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

29. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

30. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

31. The Court may properly consider the respondent's evidence for purposes of the summary judgment motion.

32. The respondent's fact is not material.

33. The respondent's fact is not material.

Dated this **31st** day of **January, 2020.**

                              Respectfully submitted,

                              */s/ Ernest H. Kohlmyer, III*
                              Ernest H. Kohlmyer, III
                              Florida Bar No.: 110108
                              SKohlmyer@Shepardfirm.com
                              Shepard, Smith, Kohlmyer & Hand, P.A.
                              2300 Maitland Center Parkway, Suite 100
                              Maitland, Florida 32751
                              Phone: (407) 622-1772
                              Fax: (407) 622-1884
                              *Attorneys for Defendant,*
                              *Hayt, Hayt & Landau, P.L.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 31, 2020,** via the Court Clerk's CM/ECF system which will provide notice to the following: Clifford Carlson, Esquire of Cliff Carlson Law, P.C. at cc@cliffcarlsonlaw.com and Ronald Edward Daniels, Esquire of Daniels Law LLC at ron@dlawllc.com and William D. Taylor, III of Taylor Law, LLC at trey@wdtaylorlaw.com (*Attorneys for Plaintiff*).

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108